UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| RENEE BUCHBINDER, | ) | CASE NO. 20-3339 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Friday, October 30, 2020, at 11:00 a.m.**, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge or before any other Bankruptcy Judge who may be sitting in his place and shall present the **Motion of the United States Trustee for an Extension of Time to Object to Discharge and to File Motion to Dismiss,** a copy of which is attached and served on you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 817 7512 and the password is 623389. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

*/s/ Ha M. Nguyen*
Ha M. Nguyen
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3320

1

## CERTIFICATE OF SERVICE

I, Ha M. Nguyen, an attorney, certify under penalty of perjury under that I caused a copy of this notice, attached motion and proposed order to be serviced on each entity shown on the attached service list at the address shown and by the method indicated on October 16, 2020, before 5:00 p.m.

*/s/ Ha M. Nguyen*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants:**

- Fernando R. Carranza     fcarranza@frclaw.us
- Joseph E. Cohen          jcohen@cohenandkrol.com

**Parties Served via First Class Mail:**

Renee Buchbinder
1737 Sunnyside
Highland Park, IL 60035

Joel P. Fonferko
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| RENEE BUCHBINDER, | ) | CASE NO. 20-3339 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |

**MOTION OF THE UNITED STATES TRUSTEE FOR AN EXTENSION OF TIME TO OBJECT TO DISCHARGE AND TO FILE MOTION TO DISMISS**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois, by his attorney, Ha M. Nguyen, and pursuant to 11 U.S.C. § 727(c)(1) and Fed. R. Bankr. P. 4004(b), hereby requests this Court to grant an extension of time to object to the discharge of Renee Buchbinder (the "Debtor") and to file a motion dismiss the Debtor's case for abuse pursuant to 11 U.S.C. § 707(b) and Fed. R. Bankr. P. 1017(e)(1). In support of this request, the U.S. Trustee states as follows:

1. This is a core proceeding concerning the administration of this estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. On February 5, 2020, the Debtor, represented by Fernando R. Carranza, filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor has primarily consumer debt.

3. Joseph E. Cohen was appointed the Chapter 7 Trustee in the Debtor's case.

4. The last date to object to the Debtor's discharge or to file a motion to dismiss her case under § 707 is currently set for November 9, 2020.

5. Schedule E/F reflects $536,307 in unsecured claims.

6. Schedules I and J indicate that the Debtor is married with no dependents. Debtor is unemployed and shows $1,164 in Social Security income. Her non-filing spouse is listed as employed in part time sales for Continental Credit with $1,500 in earned income and $1,500 in Social Security income. Schedule J shows $20,180 in monthly expenses including $15,600 in real estate taxes. Schedule A/B shows three properties in Highland Park, Illinois ($1.3 million) and two condominiums in Florida ($1,070,000).

7. Due to the Debtor's high expenses and substantial unsecured debt, the U.S. Trustee is requesting additional time to examine the Debtor's financial circumstances. The U.S. Trustee requested documents from the Debtor's since February 2020 and did not receive a response until September 9, 2020.

8. On May 22, 2020, the Court granted the U.S. Trustee's Motion for 2004 Authority to Examine the Debtor.

9. On May 26, 2020, the U.S. Trustee issued a subpoena for documents to the Debtor with a response date of June 26, 2020.

10. As of the June 26, 2020, response date, the Debtor failed to provide documents or otherwise respond to the U.S. Trustee subpoena.

11. On July 10, 2020, the U.S. Trustee sent a follow-up letter to the Debtor's attorney seeking information regarding the subpoena response and the Debtor's failure to comply with the document request.

12. On September 9, 2020, the Debtor's spouse contacted the U.S. Trustee stating that

the Debtor's attorney has not been responding to their messages. The Debtor requested until October 12, 2020 to respond to the U.S. Trustee's subpoena. The U.S. Trustee agreed to the extension of time.

13. On October 9, 2020, attorney David Siegel contacted the U.S. Trustee and stated that he will be representing the Debtor. Moreover, Mr. Siegel and his firm requested until October 30, 2020 for the Debtor to produce documents and to file a motion to substitute attorney with the Court. The U.S. Trustee again agreed to the extension of time.

14. The U.S. Trustee anticipates, depending on the Debtor's response to the subpoena, that he may need additional time to review the documents. Moreover, the U.S. Trustee may need to conduct an oral examination of the Debtor.

15. The U.S. Trustee requests additional time to investigate the veracity and completeness of the Debtor's Petition, Schedules, Statement of Financial Affairs, testimony given at the 341 Meeting and other documents in order to determine whether cause exists to file an objection to the Debtor's discharge pursuant to § 727 or a motion to dismiss the Debtor's case pursuant to § 707. The U.S. Trustee has agreed to extending several deadlines for the Debtor, and believes that an extension of the current deadline would not be prejudicial to the Debtor under the circumstances.

WHEREFORE, the U.S. Trustee requests this Court to extend the date to object to the Debtor's discharge pursuant to 11 U.S.C. § 727(a) and for filing a motion to dismiss the Debtor's case pursuant to 11 U.S.C. § 707(b) for sixty (60) days, to and including January 8, 2021, and for such other relief as this Court deems just.

                                                RESPECTFULLY SUBMITTED:
                                                PATRICK S. LAYNG
                                                UNITED STATES TRUSTEE

DATED: October 16, 2020                    By: */s/ Ha M. Nguyen*
                                                Ha M. Nguyen, Trial Attorney
                                                U.S. Department of Justice
                                                Office of the United States Trustee
                                                219 S. Dearborn Street, Room 873
                                                Chicago, Illinois 60604
                                                (312) 886-3320